## BELL v VARDALIDES et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1647. Decided May 23, 1941

Webb R. Clark, Dayton, for plaintiff-appellee.

H. B. Solimano, Dayton, for defendant-appellant.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of the appeal of Nick Vardalides on questions of law from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

The original action, in addition to Vardalides, named three other defendants as follows: Clifton Stober, Fred Deubner and Mabel Deubner.

Characteristic of a deplorable practice in Montgomery County, default judgments were taken against all the defendants and thereafter defaults opened up and answers filed.

Previous to the answers, some of the defendants filed demurrers, all of which were overruled.

Before the hearing the defendants, Stober, Fred Deubner and Mabel Deubner were dismissed as defendants in the action. The dismissal of Fred Deubner occurred on the morning of the trial.

The plaintiff in his petition prayed for judgment in the sum of $2,000.00, for services claimed to have been rendered under a contract of employment in a restaurant known as the Olympia Restaurant, allegedly owned and operated by the defendant. It was alleged that the time of the service was from the 15th day of April, 1936, to the 15th day of February, 1938; that the wage agreed upon was $25.00 per week; that the total period was ninety-six weeks, which would amount to $2400.00, upon which $400.00 had been paid.

The answer of Nick Vardalides admitted plaintiff's employment from the 13th day of April, 1936, to November 7, 1936, and averred that for said period plaintiff was paid in full; that thereafter plaintiff worked for the Olympia Restaurant, Incorporated, and that during the period of time following November 7, 1936, the employment was not by the defendant, Nick Vardalides. The answer contained the further averment that the Olympia Restaurant, Inc., paid plaintiff for all wages due him during the time he was working for such corporation.

Trial was had to a jury and resulted in a verdict for the plaintiff for $2,000, that being the full amount claimed. Thereafter motion for new trial was filed, overruled and judgment entered on the verdict, with $85.00 deducted, which plaintiff agreed to.

The necessary steps were taken through which the case was lodged in

our court through an appeal on questions of law.

Defendant's assignments of error are set our under eight separately numbered specifications, as follows:

"1. The verdict of the jury and judgment herein is contrary to law.

2. The verdict of the jury and judgment herein is against the manifest weight of the evidence.

3. The verdict of the jury and judgment herein should have been for the defendant.

4. The Court erred in the admission of evidence on behalf of Plaintiff-Appellee, over the objection of counsel for Defendant-Appellant, prejudicial to the rights of said defendant-appellant, and which was then and there excepted to.

5. For misconduct, passion and prejudice of the jury and because the amount of said verdict was excessive.

6. Because of the overruling of motion for new trial on grounds of newly discovered evidence, material to the rights of Defendant-Appellant, which was to him unknown at the time of trial, and could not with reasonable diligence be ascertained.

7. Because the Court erred in his charge to the jury.

8. For all other errors apparent upon the face of the record."

Specifications 1, 2 and 3 may be considered together under a general heading that the verdict and judgment were contrary to law and against the weight of the evidence.

Plaintiff explains his action against four defendants for the reason that there was some uncertainty as to the ownership of the Olympia Restaurant, and his counsel thought it advisable to include the three additional defendants as parties defendant.

For a number of years prior to plaintiff Bell's employment, the defendant, Nick Vardalides, had been connected with the Olympia Restaurant as sole owner or as a partnership in which his brother Antonio Vardalides, and Nick Paulua were partners.

The plaintiff and the defendant, Nick Vardalides, and his two partners were all of Greek nationality, but all had been naturalized as American citizens. None of the parties spoke the English language fluently. The transcript of the testimony is not as clear as it might be, due to the unfamiliarity of the parties with our language.

Shortly before the date of plaintiff's claimed employment, he worked a few weeks under a prior employment. At that time he was working at nights from 7 to 12, at a salary of $10.00 per week, all of which was paid, and this period is not involved under plaintiff's present claim.

At that time the restaurant was operated by the three partners heretofore referred to. Some time in April the restaurant company lost its liquor license through action of the Liquor Control Board. Some weeks were taken up, in endeavoring to regain the license, but without avail. During this period the plaintiff was laid off.

He came back to work with the understanding that the license would be taken out in his name. In an effort to carry out this plan, bill of sale was made out to the plaintiff, Bell, and he executed to the then owners his note in payment. Plaintiff claims that this was a mere subterfuge and that in fact he continued to work under a then agreed salary of $25.00 per week.

The defendant, Nick Vardalides, denies that any fixed salary was agreed upon, but that this was to be controlled by the successful operation of the business.

In the fall of 1936 the restaurant was incorporated under the name Olympia Restaurant, Inc.

The incorporators were Fred C. Deubner, Clifton Stober and Frederic W. Howell.

It is plaintiff's claim that this action was a mere sham, and that in fact Nick Vardalides was the real owner and operator; that Vardalides so told him and that he, Bell, was working for Nick Vardalides.

Without analyzing the evidence in its entirety, we might say that this was

an issuable question and ▮▮▮▮▮▮ the evidence of such a character that the jury would be warranted in finding that the corporation was a mere subterfuge and taken for the sole purpose of seeking to protect the liquor license.

We would further say that there is sufficient evidence in the record to warrant the finding that plaintiff, Bell's salary was to be $25.00 per week.

Of course, the question of payment is an affirmative defense. ▮▮▮▮▮▮ The defendant claims that the salary was paid in full and introduces books of the concern containing entries of cash and provisions paid to Bell, in the total sum of $1853.05.

It is possible that this total should be reduced by $255.00, this amount being covered by six receipts introduced in evidence as defendant's Exhibits F, G, H, I, J.

It is defendant's claim that certain entries in the book, particularly Exhibit C, were not made in the regular course of business, but were entered in the handwriting of the defendant, Nick Vardalides, after the plaintiff was discharged from his employment.

Plaintiff claims that during the time of his employment he had daily access to the books and made entries therein. He states positively that the entries relative to sums allegedly paid to him were not in the books at the time he left.

On the other hand, the defendant, Nick Vardalides, testifies that the entries were made at the time the payments were made.

There are some suspicious circumstances relative to these entries. The physical appearance would warrant the inquiry as to whether or not they were all made at one and the same time. Starting with May, 1936, something like fifty entries are made on the back of the cover page, and not on a leaf in the book. Page 1 of this exhibit has entries of claimed payments in cash and provisions and dated 1937. The following pages are dated 1936, and carry seriatum under date of 1936 to December. Page 100 relates to some claimed payments in provisions. On the back cover is also a continuation from page 100. Page 100 is the last page in the book. Some of the entries for provisions are admittedly in the handwriting of Bell.

Under the record this question is entirely a jury question and evidently they resolved the evidence ▮▮▮▮▮▮ relative to these claimed payments in favor of plaintiff.

We are unable to find any prejudicial error in assignments 1, 2 and 3.

Under assignment 4 complaint is made that the court erred in admitting evidence on behalf of plaintiff-appellee over the objection of counsel for defendant-appellant.

We find nothing specific in appellant's brief under this claimed error.

Upon examination of the bill of exceptions we do find that counsel for defendant objected strenuously to the cross-examination of the defendant relative to two written instruments identified as Plaintiff's Exhibits 1 and 2.

We have no difficulty in determining that these exhibits were properly admitted.

Exhibit 2 was dated November 20, 1936, and Exhibit 1, April 29, 1937. Each has a bearing upon the question of incorporation as being a sham. It also tends to contradict the testimony of the defendant, Vardalides, that he had no interest in the restaurant following its incorporation.

Assignment No. 5 might very properly be considered along with Nos. 1, 2 and 3, and we find nothing warranting the claim that there was misconduct, passion or prejudice on the part of the jury, or that the verdict was excessive, under the record as submitted to the jury.

Under assignment No. 5 it is claimed that the court was in error in overruling motion for new trial on grounds of newly discovered evidence. In support of the motion for new trial on the grounds of newly discovered evidence, an affidavit of defendant accompanied

the motion. In substance the claim is made that since the trial defendant has discovered that plaintiff, Bell, received a settlement in cash on the claim sued on and set forth in plaintiff's petition from one Fred Deubner, co-defendant; that in the trial of the case plaintiff testified that he was employed solely by the defendant, Nick Vardalides. and that he looked to Vardalides and to him alone for his pay, and not to the corporation, Fred Deubner, or anyone else; further, that Bell denied on the witness stand that Deubner was a proper defendant, and that Deubner, along with others, was made defendant by the attorneys acting for him in the suit without his, Bell's, knowledge or consent; that the evidence of said settlemen by Deubner on the claim is vital to his defense and that if such evidence had been known to him at the time of the trial defendant would have presented the same to the jury and the same would have been fatal to the claim of the plaintiff that ne looked to Nick Vardalides and to him alone for payment. Affiant further says that the fact that part of this claim has been paid by Deubner makes said verdict of the jury out of reason and excessive. Affiant further says that he did not know of the foregoing facts at the time of the trial and that the same could not with reasonable diligence be ascertained. The affidavit contains a further paragraph in effect that since the trial he has learned that the secretary of the corporation inspected the books of said business at or about the time of its incorporation and that the disputed entries on the front and back pages of the record showing payments made to plaintiff, Bell, by Vardalides, defendant, up to that time were in truth and in fact thereon and then and there recorded.

This ground of error gives us more concern than any of the others. In the transcript of docket and journal entries it appears that on March 13, 1940, plaintiff filed a remittitur in the sum of $85.00, and presumably this represents the amount that had been paid by Deubner, although this fact is not shown in the record. The final entry reducing the judgment from $2000.00 to $1915.00 is the only explanation that Bell, plaintiff, has shown by entry, an allowed credit of $85.00.

While not free from doubt, we are unable to conclude that manifest error appears.

Under specification No. 7 complaint is made that the court erred in its charge to the jury. Specifically the brief of counsel for appellant urges that the court failed to adequately explain to the jury the legal question arising under the answer of defendant that the owner of the business was a corporation after a certain date and during part of the period covering plaintiff's wages.

We are frank to say that the court might have properly gone into this question in more detail. However, no complaint can be made as to what the court did say, and further he did cover the issue. The error, if any, would come under the classification of an error of omission and not of commission. Under this situation, the law is well grounded that it was the duty of counsel for the defendant to have made a request of the court that he give additional instructions to the jury on this particular question. The failure to so do removes the question of error.

Specification No. 8 is the omnibus clause specifying all other errors apparent on the face of the record.

We do not recall that anything is mentioned in the brief other than comes within previous specifications.

Finding no prejudicial error, the judgment of the trial court will be affirmed.

Costs in this court will be adjudged against the appellant.

Entry may be drawn accordingly.

GEIGER, PJ., and HORNBECK, J., concur.